IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Timothy Landrigan,<br><br>   Plaintiff,<br><br>vs.<br><br>Janice K. Brewer, Governor of the State of Arizona; Charles L. Ryan, Director of the Arizona Department of Corrections; Ernest Trujillo, Warden, Arizona Department of Corrections - Eyman; Carson McWilliams, Warden, Arizona Department of Corrections - Florence; Does 1-50,<br><br>   Defendants. | No. CIV-10-2246-PHX-ROS<br><br>**<u>DEATH PENALTY CASE</u>**<br><br><br>**ORDER** |

Plaintiff Jeffrey Timothy Landrigan, an Arizona inmate under sentence of death, is scheduled to be executed at 10:00 a.m. on October 26, 2010. He has filed a civil rights complaint under 42 U.S.C. § 1983 challenging the manner and means by which the Arizona Department of Corrections ("ADOC") intends to execute him as a violation of the Eighth Amendment's right to be free from cruel and unusual punishment and the Fourteenth Amendment's right to due process. (Doc. 1.) He also moves for a temporary restraining order or preliminary injunction. (Doc. 3.)

**BACKGROUND**

In 1989, Plaintiff escaped from an Oklahoma prison, where he was serving time for second-degree murder, and shortly thereafter murdered Chester Dean Dyer in Arizona. He

1  was convicted by a jury of theft, second-degree burglary, and felony murder for causing the
2  victim's death in the course of a burglary, and the trial judge sentenced him to death. The
3  facts surrounding the crime are set forth in the Arizona Supreme Court's decision affirming
4  the convictions and sentence on appeal. *See State v. Landrigan*, 176 Ariz. 1, 3-4, 859 P.2d
5  111, 113-14 (1993).

6  Following unsuccessful state post-conviction proceedings, Plaintiff sought federal
7  habeas corpus relief. This Court denied his petition in December 1999, and a three-judge
8  panel of the Ninth Circuit affirmed. *Landrigan v. Stewart*, 272 F.3d 1221 (2001). On
9  rehearing en banc, the Ninth Circuit reversed, concluding that Plaintiff was entitled to an
10 evidentiary hearing on his claim that sentencing counsel rendered constitutionally deficient
11 representation. *Landrigan v. Schriro*, 441 F.3d 638 (2006). The United States Supreme
12 Court granted certiorari and reversed, ruling that Plaintiff was not entitled to habeas relief
13 on his ineffectiveness claim. *Schriro v. Landrigan*, 550 U.S. 465 (2007).

14 On September 25, 2007, the Arizona Supreme Court issued a warrant of execution.
15 On the same day, the United States Supreme Court granted certiorari in *Baze v. Rees*, 551
16 U.S. 1192 (2007), to consider whether Kentucky's lethal injection procedures violate the
17 Eighth Amendment. On October 4, 2007, Plaintiff filed a petition for post-conviction relief
18 in the Maricopa County Superior Court challenging Arizona's lethal injection protocol, and
19 shortly thereafter the Arizona Supreme Court stayed his execution pending resolution of the
20 protocol challenge.[1]

21 Two years later, on October 8, 2009, the state superior court denied post-conviction
22 relief.[2] It concluded that Arizona's three-drug protocol is "substantially similar" to that

---

[1] Similar to other states, Arizona utilizes a three-drug combination for lethal injections: (1) sodium thiopental, a fast-acting barbiturate sedative; (2) pancuronium bromide, a paralytic neuromuscular blocking agent; and (3) potassium chloride, which stops the heart.

[2] The state court also denied a separate claim involving post-conviction DNA testing of crime scene evidence. That issue is not before this Court.

1 approved by the Supreme Court in *Baze v. Rees*, 553 U.S. 35 (2008).  In so holding, the state
2 court adopted the factual findings and legal conclusions of United States District Court Judge
3 Neil V. Wake in *Dickens v. Brewer*, No. CV-07-1770-PHX-NVW, 2009 WL 1904294 (D.
4 Ariz. Jul. 1, 2009), a civil rights action filed under 42 U.S.C. § 1983 by seven Arizona death
5 row prisoners challenging Arizona's lethal injection protocol.[3]  Plaintiff sought discretionary
6 review in the Arizona Supreme Court, which denied the petition on April 6, 2010.  A petition
7 for certiorari was denied on October 4, 2010.  *Landrigan v. Arizona*, ___ S. Ct. ___, 2010
8 WL 2717732 (2010).

9       On September 21, 2010, the Arizona Supreme Court issued a warrant of execution,
10 setting Plaintiff's execution for October 26 and directing the State to report by October 1
11 whether it possessed a sufficient quantity of all the drugs necessary to carry out the
12 execution.  On September 24, 2010, Plaintiff's counsel wrote ADOC Director Charles Ryan
13 requesting notice of the manner and means it acquired, or intended to acquire, the drugs
14 necessary to carry out his execution.  Director Ryan responded by letter stating only that it
15 would advise counsel and the Arizona Supreme Court no later than October 1 whether it had
16 the necessary chemicals.

17       On September 30, 2010, the State filed in the Arizona Supreme Court a letter from
18 Director Ryan indicating that the ADOC had obtained the necessary supply of drugs.
19 Plaintiff then moved the Arizona Supreme Court to direct the State to provide: (1) a
20 declaration indicating the amount and source of the sodium thiopental to be used in his
21 execution; (2) a copy of the package label; (3) a copy of the lot number and expiration date;
22 (4) all storage information, including location and temperature; (5) all chain-of-custody
23 information from when the drug was acquired; and (6) assurances that none of the packages
24 of drugs or chemicals have been opened prior to Plaintiff's scheduled execution.  He further
25 requested that the State be ordered to adhere to its current written protocol, including the use

---

[3] Appeal from Judge Wake's ruling is pending at the Ninth Circuit Court of Appeals, but Plaintiff is not a party to that action.

- 3 -

1  of sodium thiopental, and to refrain from amending the protocol while his warrant of
2  execution was pending.

3        On October 20, 2010, the Arizona Supreme Court held oral argument on Plaintiff's
4  motion for disclosure as well as two other pending motions for stay of execution. During
5  argument, counsel for the State declined to reveal where the ADOC obtained the sodium
6  thiopental for Plaintiff's execution but acknowledged that it was not obtained from or
7  manufactured by Hospira, whom Plaintiff alleges is the only FDA-approved manufacturer
8  of sodium thiopental. The State further asserted that the drug was "lawfully" obtained and
9  not expired. Following argument, the Arizona Supreme Court summarily denied Plaintiff's
10 disclosure motion without explanation. Plaintiff then initiated the instant proceedings.

11 **PENDING MOTION**

12       Plaintiff has moved for a temporary restraining order or a preliminary injunction to
13 enjoin his execution and allow for litigation of his claims. In his § 1983 complaint, Plaintiff
14 alleges that the ADOC's use of sodium thiopental that was manufactured by a foreign source
15 not approved by the Food and Drug Administration ("FDA") creates a substantial and
16 unnecessary risk of serious harm in violation of his rights under the Eighth Amendment.
17 Plaintiff further claims that the ADOC's failure to provide him notice regarding the sodium
18 thiopental it intends to use in his execution violates his right to due process under the
19 Fourteenth Amendment. Finally, Plaintiff alleges that the administration of non-FDA
20 approved sodium thiopental from a foreign source by a medical doctor or other trained
21 medical professional demonstrates deliberate indifference to his right to be free from cruel
22 and unusual punishment.

23       Because Plaintiff's execution is slated to occur in just five days, the Court finds good
24 cause to order expedited briefing and oral argument on Plaintiff's motion for a temporary
25 restraining order or preliminary injunction. Accordingly,

26       **IT IS ORDERED** that Defendants shall file a response to Plaintiff's Motion for
27 Temporary Restraining Order or a Preliminary Injunction no later than **12:00 p.m. on**
28 **Friday, October 22, 2010**. Defendants are requested to voluntarily provide detailed

information concerning the sodium thiopental it intends to use in Plaintiff's execution, including the manufacturer and expiration date. If Defendants choose not to provide such information, their response to Plaintiff's motion shall include an explanation why they will not or cannot provide this information and/or why such information is not relevant to disposition of Plaintiff's motion.

**IT IS FURTHER ORDERED** that Plaintiff may file a reply no later than **9:00 a.m. on Saturday, October 23, 2010**.

**IT IS FURTHER ORDERED** that oral argument on Plaintiff's motion will be heard on **Monday, October 25, 2010, at 8:30 a.m. in Courtroom 604**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall forthwith email a copy of this Order as well as Plaintiff's Complaint for Equitable, Injunctive and Declaratory Relief (Doc. 1) and Plaintiff's Motion for Temporary Restraining Order or a Preliminary Injunction (Doc. 3) to the following individuals:

Charles L. Ryan, ADOC Director – cryan@azcorrections.gov

Karyn Klausner, ADOC General Counsel – kklausner@azcorrections.gov

Kent Cattani, Assistant Arizona Attorney General – kent.cattani@azag.gov

DATED this 21st day of October, 2010.

Roslyn O. Silver
United States District Judge