**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Timothy Landrigan,<br><br>    Plaintiff,<br><br>vs.<br><br>Janice K. Brewer, Governor of the State of Arizona; Charles L. Ryan, Director of the Arizona Department of Corrections; Ernest Trujillo, Warden, Arizona Department of Corrections - Eyman; Carson McWilliams, Warden, Arizona Department of Corrections - Florence; Does 1-50,<br><br>    Defendants. | No. CIV-10-2246-PHX-ROS<br><br>**<u>DEATH PENALTY CASE</u>**<br><br><br>**ORDER** |

Plaintiff Jeffrey Timothy Landrigan, an Arizona inmate under sentence of death, is scheduled to be executed at 10:00 a.m. on Tuesday, October 26, 2010. On Thursday, October 21, 2010, he filed in this Court a civil rights complaint under 42 U.S.C. § 1983 challenging the manner and means by which the Arizona Department of Corrections ("ADOC") intends to execute him as a violation of his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to due process. (Doc. 1.) He also moved for a temporary restraining order or preliminary injunction. (Doc. 3.)

On the same day he filed his complaint, the Court ordered expedited briefing. (Doc. 6.) The order invited Defendants to "voluntarily provide detailed information concerning the

1  sodium thiopental it intends to use in Plaintiff's execution, including the manufacturer and
2  expiration date." (*Id.* at 4-5.) The Court further provided that if Defendants declined to
3  provide such information, "their response to Plaintiff's motion shall include an explanation
4  why they will not or cannot provide this information and/or why such information is not
5  relevant to disposition of Plaintiff's motion." (*Id.* at 5.) Defendants chose not to provide the
6  requested information. For the reasons set forth herein, the Court now directs Defendants
7  to immediately and publically disclose information concerning the sodium thiopental ADOC
8  intends to use in Plaintiff's execution.

## DISCUSSION

10  First, Plaintiff has not filed an untimely complaint. Defendants argue that Plaintiff
11  unreasonably delayed filing his § 1983 complaint because he was aware of the national
12  shortage of sodium thiopental since at least May 2010 and could have brought suit sooner.
13  (Doc. 7 at 7.) Plaintiff counters that he diligently sought information from ADOC regarding
14  its acquisition of sodium thiopental as soon as he learned from a newspaper article in late
15  September that the State's attorney was "not optimistic about obtaining sodium thiopental."
16  (Doc. 3 at 13.) Furthermore, Plaintiff did not learn definitively that ADOC intended to use
17  a non-FDA approved drug until the day before he filed the instant complaint, when the
18  State's attorney informed the Arizona Supreme Court that ADOC's supply of sodium
19  thiopental was not manufactured by Hospira, Inc., whom Plaintiff asserts is the only FDA-
20  approved manufacturer of sodium thiopental. The Court agrees with Plaintiff.

21  The instant complaint does not challenge ADOC's lethal injection protocol, a claim
22  Plaintiff clearly could have raised years ago. Rather, his claims are limited to the
23  administration of sodium thiopental from an unidentified, non-FDA approved source.
24  Plaintiff had no verifiable information that ADOC intended to use sodium thiopental from
25  a non-FDA approved manufacturer prior to the State's attorney's oral argument before the
26  Arizona Supreme Court on October 20, 2010. Thus, there was no reason for him to attack
27  ADOC's plan to use drugs from a non-FDA approved source prior to knowing this fact.
28  Accordingly, the Court finds that Plaintiff did not purposely delay bringing his claims; rather

- 2 -

he pursued them aggressively "as soon as he viewed them as ripe." *Beardslee*, 395 F.3d at 1069 (directing district courts to conduct a fact-specific inquiry to ascertain whether claims could have been brought earlier and whether a petitioner has good cause for delay). For this reason, the equitable concerns that often arise from a condemned prisoner's last-minute attempts to manipulate the system are not present here.

Second, the Court is unpersuaded by Defendants' claim that they are precluded from providing information such as the source of the chemicals, labels, and lot numbers of ADOC's sodium thiopental supply. In making this argument, Defendants rely on the following provision of Arizona law:

> The identity of executioners and other persons who participate or perform ancillary functions in an execution and any information contained in records that would identify those persons is confidential and is not subject to disclosure pursuant to title 39, chapter 1, article 2.

A.R.S. § 13-747(C) (West 2010). Without citation to any authority, Defendants assert in a conclusory manner that this provision protects "entities" involved in the execution process and thus the identity of the manufacturer who supplied the drugs must remain confidential. (Doc. 7 at 4.) The Court strongly disagrees with Respondents' interpretation of Arizona's confidentiality law. The plain language of the statute references only "executioners and other *persons*." A.R.S. § 13-747(C) (emphasis added). It is simply incongruous to suggest this law prohibits disclosure of either the manufacturer of the drug or packaging information such as a lot number or expiration date.

Third, in considering Plaintiff's pending motion for temporary injunctive relief, the Court must determine, among other factors, the likelihood of success of Petitioner's claims. *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374, 376 (2008). In doing so, the Court does not assume that the Eighth Amendment categorically prohibits the use of non-FDA approved drugs. Rather, the Court concludes that it must weigh the relative risks of using non-FDA approved drugs, and their effectiveness, compared to that of drugs manufactured by an FDA-approved source. To this end, the Court is unable to make a determination on Plaintiff's motion without additional material information concerning

ADOC's sodium thiopental supply, including the source of the drug, the drug's expiration date, the efficacy of the drug for its intended purpose (particularly in the context of an execution), and all available documentation concerning the manufacturer and its process for producing sodium thiopental.[1] Therefore, the Court will order immediate disclosure of this information.

Finally, the Court has completed its review of the responsive briefs to Plaintiff's motion for injunctive relief and determines that oral argument will not assist the Court's decision-making process. Accordingly, the Court will vacate the argument set for Monday, October 25.

Based on the foregoing,

**IT IS ORDERED** that Defendants shall <u>immediately</u> provide the Court with the above-described information and shall file immediate written notice that they have complied with this Order.

**IT IS FURTHER ORDERED** that the oral argument on Plaintiff's Motion for a Temporary Restraining Order or a Preliminary Injunction set for Monday, October 25, 2010 is **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Temporary Restraining Order or a Preliminary Injunction **REMAINS UNDER ADVISEMENT**.

DATED this 23rd day of October, 2010.

_____
Roslyn O. Silver
United States District Judge

---

[1] In 2009, United States District Court Judge Neil V. Wake granted summary judgment in favor of the State of Arizona in a challenge to Arizona's lethal injection protocol, after concluding that Arizona's three-drug protocol is "substantially similar" to that approved by the Supreme Court in *Baze v. Rees*, 553 U.S. 35 (2008). *See Dickens v. Brewer*, No. CV-07-1770-PHX-NVW, 2009 WL 1904294 (D. Ariz. Jul. 1, 2009) (unpublished order). However, that ruling presupposed the efficacy of the sodium thiopental used for anesthetizing a condemned inmate. The question of using sodium thiopental acquired from a non-FDA approved source was not raised.

1 | Copies delivered by email this date:

2 |     Charles L. Ryan, ADOC Director - cryan@azcorrections.gov
    Karyn Klausner, ADOC General Counsel - kklausner@azcorrections.gov
3 |     Kent Cattani, Assistant Arizona Attorney General - kent.cattani@azag.gov