Jon M. Sands
Federal Public Defender
Dale A. Baich: Ohio Bar No. 0025070
Sylvia J. Lett: Ariz. Bar No. 017326
Karen Wilkinson: Ariz. Bar No. 014095
Sarah Stone: Ariz. Bar No. 022713
Robin C. Konrad: Ala. Bar No. 2194-N76K
850 West Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2816
Facsimile: 602-889-3960
dale_baich@fd.org
sylvia_lett@fd.org
karen_wilkinson@fd.org
sarah_stone@fd.org
robin_konrad@fd.org

Counsel for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Timothy Landrigan, <br><br> Plaintiff, <br><br> v. <br><br> Janice K. Brewer, et al., <br><br> Defendants. | No. 2:10-cv-02246-ROS <br><br> Response to Motion for Reconsideration <br><br> Death Penalty Case <br><br> **Execution Scheduled October 26, 2010** |

Over a month ago, Jeffrey Landrigan made a request to Defendant Charles Ryan for information about the drugs to be used to execute him–just over 24 hours from now. Today, more than 36 hours after this Court directed Defendants to "immediately and publically" disclose information about Landrigan's imminent execution, Defendants have failed to comply with the Court's order, and instead merely ask the Court to change its mind. The Court should deny the motion for reconsideration for the same reasons it previously rejected Defendants' arguments.

"A motion for reconsideration should not be used to ask the court 'to rethink what the court had already thought through–rightly or wrongly.'" *United States v.*

1  *Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998) (citation omitted).  Nor should
2  it be used to raise new arguments that were not previously raised.  *N.W. Acceptance*
3  *Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir.1988); *see* LRCiv.
4  7.1(g) (noting that a party may not repeat any argument previously made and, if
5  presenting a new argument, must state why the argument was not presented earlier).
6  Defendants' motion does both.  Defendants' motion largely restates the arguments
7  that this Court has already considered.  However, Defendants improperly present two
8  new arguments without explaining why these arguments were not presented earlier.

9    First, Defendants argue that this Court is not a "board of inquiry" charged with
10  evaluating the State of Arizona's lethal-injection protocol.  (Resp. at 2, Dist. Ct. Doc.
11  No. 12, *citing Baze v. Rees*, 553 U.S. 35, 50 (2008).)  Defendants misapprehend
12  Landrigan's argument.  Landrigan is not asking the Court to second-guess the State's
13  chosen protocol, and has not asked the Court to serve as a board of inquiry; he has not
14  asked it to become "embroil[ed] in . . . ongoing scientific controversies beyond [its]
15  expertise."  *Id.* at 51.  Instead, he has asked the Court to rely on *already established*
16  scientific knowledge about the proper manner of ensuring a drug's efficacy and
17  safety—knowledge which has already been scientifically and legally adopted by the
18  FDA in its approval process of drug manufacturers.  *Baze* supports the Court's
19  attempt to ensure that the sodium thiopental fulfills its undisputedly crucial role in
20  ensuring that Landrigan's execution is constitutional.

21    Second, Defendants contend that the Court has mistakenly and "implicitly
22  assumed that the FDA exercises some sort of authority over the manufacture of drugs
23  for use in executions."  (Resp. at 2, Dist. Ct. Doc. No. 12.)  Landrigan finds no
24  support for that assumption in this Court's order.  Nor has Landrigan raised that
25  argument.  Indeed, the key issue presented to this Court is whether the sodium
26  thiopental obtained by ADOC under these unique circumstances violates the Eighth
27  Amendment.

28    The Court, after consideration of the parties' arguments, made a well-reasoned

1  decision. Defendants have presented nothing that would warrant the Court to change
2  this decision. Accordingly, Defendants' motion should be denied.
3        Respectfully submitted this 25th day of October, 2010.

                       Jon M. Sands
                       Federal Public Defender
                       Dale A. Baich
                       Sylvia J. Lett
                       Karen Wilkinson
                       Sarah Stone
                       Robin C. Konrad

                       By s/Dale A. Baich
                          Counsel for Petitioner

**Certificate of Service**

I hereby certify that on this 25th day of October, 2010, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Kent Cattani
Chief Counsel, Capital Litigation Section
Attorney General's Office

By s/Michelle Young
    Legal Secretary
    Capital Habeas Unit