TERRY GODDARD
ATTORNEY GENERAL
(FIRM STATE BAR NO. 14000)

KENT E. CATTANI
CHIEF COUNSEL
CRIMINAL APPEALS/CAPITAL LITIGATION SECTION
(STATE BAR NUMBER 010806)

JEFFREY ZICK
ASSISTANT ATTORNEY GENERAL
CRIMINAL APPEALS/CAPITAL LITIGATION SECTION
1275 W. WASHINGTON
PHOENIX, ARIZONA 85007-2997
TELEPHONE: (602) 542-4686
E-MAIL: CADocket@azag.gov

ATTORNEYS FOR DEFENDANTS

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Timothy Landrigan,<br><br>    Plaintiff,<br><br>    -vs-<br><br>Janice K. Brewer, Governor of Arizona; Charles L. Ryan, Director, Arizona Department of Corrections; Ernest Trujillo, Warden, Arizona Department of Corrections – Eyman; Carson McWilliams, Warden, Arizona Department of Corrections – Florence; Does 1 – 50,<br><br>    Defendants. | CV–10–02246–ROS<br><br>Motion to Permit Filing Under Seal and for Protective Order<br><br>[Death Penalty Case]<br><br>(The Hon. Roslyn O. Silver) |

Pursuant to Fed.R.Civ.P.Rules 26(c), Defendants (collectively the State of Arizona), request permission to file confidential information relating to the source of the drugs to be used in the upcoming execution under seal for *in camera* review by the Court without disclosure to Plaintiff. *See* Fed.R.Civ.P.Rule 26(c)(1)(A)(court may, for good cause, issue an order forbidding disclosure or discovery).

1

The Arizona Department of Corrections has provided the following information relating to the source of the drugs to be used: (1) the manufacturer of each drug, (2) the lot number for the particular drug received, and (3) the expiration date for each drug. The State has already disclosed to Plaintiff the expiration date for each drug, but requests permission to file the remaining information under seal without disclosure to Plaintiff.

Under Arizona law, information that would lead to the identity of "executioners and other persons who participate or perform ancillary functions in an execution and any information contained in records that would identify those persons is confidential. . ." A.R.S. § 13-757(C). Confidentiality is necessary to protect persons who are involved in the execution or performing ancillary functions from harassment. *See* A.R.S. § 13-757(D) (prohibiting licensing boards from using participation in an execution or performance of an ancillary function as a basis for suspending or revoking a license issued by the board).

As detailed in the State's response to Landrigan's Complaint, Landrigan has not established a need for this information that outweighs the statutory mandate to preserve the confidentiality of the information. Landrigan has argued that without assurance that the sodium thiopental is from a reliable source, the drug may not work properly, *i.e.* render him unconscious before pancuronium bromide and potassium chloride are administered. However, Arizona's lethal injection protocol provides multiple protections, including the use of a microphone and a high resolution camera, as well as physical examination of the inmate by medically trained personnel, to ensure that the inmate is unconscious after sodium thiopental is administered. Given those protections—which are similar to those employed during surgical procedures in hospitals—Landrigan's claim would

only be viable if he can establish not only that the drugs to be used are somehow likely to be substandard, but also that the medical team monitoring his level of consciousness will not comply with the Arizona protocol. That level of speculation does not warrant injunctive relief. *See Baze v. Rees*, 553 U.S. 35, 50 (2008) (a petitioner alleging an Eighth Amendment violation relating to an execution protocol must demonstrate that the risk is "sure or very likely to cause serious illness and needless suffering, and give rise to "sufficiently imminent dangers.").

Landrigan has further argued that if the State uses non-FDA approved drugs during his execution, his Eighth Amendment rights will be violated. However, the FDA does not exercise authority over the manufacture of drugs for use in executions. *See Heckler v. Chaney*, 470 U.S. 821, 823-25 (1985). Thus, the information Landrigan seeks regarding whether a manufacturer has FDA approval is irrelevant.

Landrigan unsuccessfully petitioned the Arizona Supreme Court to require disclosure of the information he now seeks. After considering arguments relating to A.R.S. § 13-757 and Landrigan's alleged need for the information he has requested, the Arizona Supreme Court denied Landrigan's request. This Court should similarly conclude that the confidentiality concerns evidenced by A.R.S. § 13-757 outweigh any alleged need for disclosure. Accordingly, the State requests that this Court permit the State to provide the requested information under seal, and that, pursuant to Rule 26(c)(1)(A), this Court prohibit its disclosure.[1]

---

[1] Rule 26(c)(1) requires that a party moving for a protective order certify that there has been a good faith attempt to resolve the discovery dispute without court action. The State submits that this requirement has been met by virtue of the parties' discussions in state court proceedings, including through oral argument before the Arizona Supreme Court.

DATED this 25th day of October, 2010.

>RESPECTFULLY SUBMITTED,
>
>TERRY GODDARD
>ATTORNEY GENERAL
>
>s/_____
>KENT E. CATTANI
>CHIEF COUNSEL
>ATTORNEYS FOR DEFENDANTS

I hereby certify that on this 25th day of October, 2010, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

JON M. SANDS
Federal Public Defender
Dale A. Baich
Sylvia J. Lett
Assistant Federal Public Defenders
Keith J. Hilzendeger
Reearch & Writing Specialist
850 West Adams, Suite 201
Phoenix, Arizona 85007

Attorneys for Plaintiff

s/_____
L.L. Kugler

1242486